HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONEFF, et al.,

    Plaintiffs,

  v.

AT&T CORP., et al.,

    Defendants.

Case No. C06-0944 RSM

**JOINT STATUS REPORT**

**NOTED FOR CONSIDERATION:
MAY 1, 2012**

    Pursuant to the Court's Minute Order of April 10, 2012, the parties submit this Joint Status Report and proposal for further proceedings.

    On May 22, 2009, this Court denied defendants' motion to compel arbitration, concluding that Washington law applies to each plaintiff's contention that the applicable arbitration provision is unenforceable and that the provision is substantively unconscionable and hence unenforceable under Washington law. Having so determined, the Court did not address plaintiffs' argument that the arbitration provisions are procedurally unconscionable. *See* Order Denying Defs.' Mot. to Compel Arbitration, Dkt. No. 197.

    On March 16, 2012, the Ninth Circuit issued an opinion reversing this Court's order, holding that, under *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), the Federal Arbitration Act "preempts the Washington state law invalidating the class-action waiver[.]"

JOINT STATUS REPORT - 1
(C06-0944 RSM)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

*Coneff v. AT&T Corp.*, 673 F.3d 1155, 1161 (9th Cir. 2012). The Ninth Circuit remanded the case to this Court for further proceedings with respect to plaintiffs' arguments that their arbitration agreements are procedurally unconscionable:

> Thus, we remand to the district court to apply Washington choice-of-law rules to Plaintiffs' procedural unconscionability arguments. The first step of that analysis will be to determine whether an actual conflict exists among the laws of the various states involved in this case. That analysis requires the court first to determine whether any of the relevant states allow voiding a contract on grounds of freestanding procedural unconscionability. If the laws all require at least some showing of substantive unconscionability, then Plaintiffs' claim necessarily fails because of our holding that the arbitration clause at issue is not substantively unconscionable. But if a showing of procedural unconscionability would result in success for Plaintiffs under some of the relevant state precedents, the district court must complete the conflict-of-law analysis and decide which Plaintiffs, if any, may benefit.

*Id.* at 1161-62. The Ninth Circuit entered its mandate on April 10, 2012 (Dkt. No. 211).

The parties have met and conferred regarding a briefing schedule in light of the Ninth Circuit's remand. The parties agree that the Court should allow them to file simultaneous opening briefs of up to 30 pages within 45 days from the date the Court issues a scheduling order, and to file simultaneous reply briefs of up to 15 pages within 30 days after the date of filing of the opening briefs.

DATED this 1st day of May, 2012.                    DATED this 1st day of May, 2012.

s/ Michael E. Kipling                               s/ Kevin Coluccio (per email authorization)
Michael E. Kipling, WSBA #7677                      Kevin Coluccio, WSBA # 16245
KIPLING LAW GROUP PLLC                              STRITMATTER KESSLER WHELAN
3601 Fremont Avenue N., Suite 414                     COLUCCIO
Seattle, WA 98103                                   200 Second Avenue West
206.545.0345                                        Seattle, WA 98119
206.545.0350 (fax)                                  206.448.1777
kipling@kiplinglawgroup.com                         206.728.2131 (fax)
                                                    kc@stritmatter.com

*Liaison Counsel and Attorney for Plaintiffs and the Class*

JOINT STATUS REPORT - 2
(C06-0944 RSM)

Evan M. Tager (admitted *pro hac vice*)
Archis A. Parasharami (admitted *pro hac vice*)
Kevin S. Ranlett (admitted *pro hac vice*)
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006
202.263.3000
202.263.3300 (fax)
etager@mayerbrown.com
aparasharami@mayerbrown.com
kranlett@mayerbrown.com

***Counsel for Defendants AT&T Corporation, AT&T Wireless Services, Inc., Cingular Wireless Corporation, and New Cingular Wireless Services, Inc.***

JOINT STATUS REPORT - 3
(C06-0944 RSM)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Leslie A. Bailey**
  lbailey@publicjustice.net
- **Lincoln C. Beauregard**
  lincolnb@connelly-law.com
- **Neal S. Berinhout**
  NB2520@att.com
- **F. Paul Bland, Jr.**
  pbland@publicjustice.net
- **Stephen L. Bulzomi**
  SBulzomi@MessinaLaw.com
- **Kevin Coluccio**
  kc@stritmatter.com
- **John R. Connelly, Jr.**
  jconnelly@connelly-law.com
- **William F. Cronin**
  wcronin@corrcronin.com
- **Jeffrey P. Foote**
  jfoote@footelaw.com
- **Stephen M. Garcia**
  sgarcia@lawgarcia.com

- **John W. Hathaway**
  jhathaway@seanet.com
- **Garth L. Jones**
  garth@skwwc.com
- **John L. Messina**
  jmessina@messinalaw.com
- **Archis A. Parasharami**
  aparasharami@mayerbrown.com
- **Pamela Pressley**
  pam@consumerwatchdog.org
- **Harvey Rosenfield**
  harvey@consumerwatchdog.org
- **Bruce L. Simon**
  bsimon@pswplaw.com
- **Paul L. Stritmatter**
  pauls@stritmatter.com
- **Evan M. Tager**
  etager@mayerbrown.com
- **Ronald F. Webster**
  ron@ronwebsterlaw.com

DATED this 1st day of May, 2012.

s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
206.545.0345
206.545.0350 (fax)
kipling@kiplinglawgroup.com

*Counsel for Defendants*

JOINT STATUS REPORT - 4
(C06-0944 RSM)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350